Jones, J.,
delivered the opinion of the Court.
This was an action of debt, on bond, dated 21st November, 1818, in the penal sum of $5000, conditioned, that Andrew Burns should cause James B. Wilson or his legal representatives, to malte a title back to Davisj the plaintiff in error, who was also plaintiff below, his heirs or assigns, in the express language of that which the said Burns made to said Wilson, to the tract of land on which said Davis lived,, and one hundred arpents, he the same more or less, on which Thomas Boyd then lived, then, &c. The defendants, after oyer given, which was as above, plead: First, that plaintiff ought not to have or .maintain his said action against them, because the said Andrew Burns, after the making of the said deed, and before action brought, to wit: on 1st December, 1818, at, &c., obtained from James Burns,the legal representative of said Jas. B. Wilson, his deed of that date, to the plaintiff, his heirs and legal representatives, of bargain and sale, which was duly executed and acknowledged, conveying to said Davis and his heirs, of the said two tracts of land, in the express language of that which the said Burns made to the said Wilson, and which was in the words and figures thereinafter following. The conveyance is then set out at large, by which James Burns conveys to Davis, in consideration of $1200 to him. paid, two several tracts of land, one of 240 arpents whereon said John Davis then lived, and the other of 100 arpents, be the same more or less;, whereon the said Thomas Boyce then lived. It then deduces the title to- both the tracts from the original grantees to the said James Burns, who was assignee of the said James B. Wilson, and describes the situation and boundaries of both them ;. to hold the same to said Davis, his heirs and representatives forever j with covenant of general warranty. The deed was duly executed and acknowledged by James Burns before a. Justice of the Peace of the county of Cape Girardeau. The defendants then aver that before suit brought, they offered the said deed, so executed, to the plaintiff, according to the form and effect of the condition of the bond, who refused to accept p that they had, ever since said tender, been ready and still were willing, to deliver said deed to plaintiff', which deed was then in Court, if he would receive the same. All of which they were ready to verify, and therefore prayed judgment, if, &c.. Second. Further plea, that after executing said bond, and before suit brought, to wit, on 3d December, 1818, at, &c., said Andrew Burns did cause said James B. Wilson, *190 according to condition of the bond, to make, execute, and deliver to plaintiff, a deed of conveyance back to said Davis and his heirs, in the express language of the title mentioned, (as in the condition above set forth,) which deed, so made and executed by said Wilson to the plaintiff, he the plaintiff then and there accepted of the said Wilson, for and on behalf of said Andrew Burns, as a performance of the condition of said bond; all of which they wore ready to verify, and prayed judgment, if, &c. Third plea, that before suit brought, to wit: on 1st December, 1818, at, &c., said Andrew Burns caused the deed or instrument thereto annexed, to be made to the plaintiff, which was made according to the express directions of the plaintiff, who then and there agreed to accept the same, in full performance of the condition of said bond; that the said annexed deed, with the acknowledgment thereof duly written, was, on the same day, tendered to the plaintiff, who reiusod to receive it, alledging' that, if no deed should appear on record from Wilson, or any person claiming- through him,’ to the said land, within three months thereafter, that then he, the plaintiff, would receive it, in full performance of the condition of the bond. The defendants then aver, that no deed, within the three months above alluded to, appeared on record, from Wilson, or any other person, affecting the title to the land; and they further said, that immediately after the expiration of the above three months alluded to, the said Andrew Burns again tendered said deed to the plaintiff, who refused to accept; wherefore the defendants prayed judgment, &e. Issue was joined to the second plea, and .a general demurrer was .filed to the first and third, which was overruled as to the first, and sustained as to the .third. The defendants then filed another plea, which, in substance, states, that at .the time of executing the bond, one James Burns, being the legal representative of •said James B. Wilson, to the said tracts of land,'as the owner thereof, to himself .and his heirs, with the legal right and power to malee a title hack to plaintiff and his heirs, by virtue of a deed, dated 31st July, 1818, by said Wilson to him, of said ■tracts of land, iand duly acknowledged, as might he seen by the said deed of conveyance, therewith shown to the Court, he, the said defendant, Burns, before suit brought, to wit: on 2.3d Eebruary, 1819, at, Sec., obtained from said James Burns, so being ■the legal representative of said Wilson, a certain deed of bargain and sale, duly executed and acknowledged, conveying back said tracts of land to the plaintiff and his heirs,; the deed is then set out in liac verba, with a covenant of special warranty against said James Burns, and all persons claiming under him j that said Burns, the defendant, tendered said .deed to the plaintiff, who refused to accept; and that they, ever since, and then were, ready to deliver the same to the plaintiff, if he would accept it; and concludes with a verification, &c. This plea was traversed by the plaintiff, and issue joined thereon. The jury found a general verdict for the defendants, and the Court gave judgment thereon. On the trial of the causé, the defendants produced as testimony : first, a deed from Andrew Burns and wife, to James B. Wilson, dafed 18th June, 1818, of the tracts of land mentioned in the condition of the bond set out in hcec verba,; secondly, a deed from James B. Wilson, dated 31st July, 1818, from him to James Burns, of the same tracts also set out in hcec verba; and thirdly, a deed from James Burns to plaintiff, dated 31st December, 1818, of the same lands, also set out in licec verba; to the reading of which last deed the plaintiff objected, .but the Court overruled the objection and suffered it to go to the jury; to which opinion the plaintiff excepted, and signed the bill of exceptions. The defendants also offered, in testimony, a deed from James Burns to the plaintiff, dated 23d February, *191 1819, to plaintiff, of the same tracts, also set out in hcec verba} to the reading of which the plaintiff objected, but was overruled by the Court, and suffered it to go to the jury ; plaintiff excepted to the opinion of the Judge, who signed the bill of ex* ceptions. The plaintiff, after verdict, moved for a new trial, and gave for reasons s first, that the verdict Was against the evidence, because the evidence before the jury was on the issue of tender; and second, because the verdict was against law, and er* roneous, and ought to have been for plaintiff, and not for defendants. The motion for a new trial was overruled ; after which, the plaintiff moved for a new trial, on the ground, that the verdict was against evidence, because' the tender, by the evidence adduced, was not sufficiently proved; which motion was overruled. The plaintiff then offered a bill of exceptions to the opinion of the Judge, to be signed, which he refused to do, because it ought to have been offered at the trial, and that it was then too late 5 to which the plaintiff exeepted : but there is no bill of exceptions signed by the Judge. This writ of error was brought, to reverse the judgment rendered in the Circuit Court. The' errors assigned are: First, that the Circuit Court erred in receiving the plea of the defendants, after the first demurrer sustained, Second, the Court erred in judgment on the second demurrer. Third, by letting in improper testimony on the part of the defendants. Fourth, the Court ought to have granted a new trial, applied for by the plaintiff. Fifth, the Court erred in refusing to sign the bill of exceptions for the plaintiff Sixth, the general error. The de* fendants plead in nnllo est erratum,. The giving of leave to amend pleadings, after a demurrer has been sustained to any of them, has been invariably practised and allowed in the Courts, as well under the Territorial, as under the State Governments; and although, strictly speaking, such leave ought to he obtained before a judgment is pronounced on the demurrer, I cannot agree, in a particular case, to give a decision which would take any party by surprise, who, no doubt, as well as the Court, relied on the then established practice, which, however irregular, ought to prevail until altered by proper rules for that purpose. At all events, this question is not before the Court, not having been excepted to in the Court below; neither ought the plead* ings demurred to, after amendments made and filed by leave of Court, to have been inserted in the transcript of the record sent to this Court. The second and third matters assigned for error, may properly be considered of together; for if the first plea was sufficient, the permitting testimony to go to the jury in support of it was proper. This plea sets out a conveyance fiom James Burns, the legal representative of Wilson, to the plaintiff, of the land mentioned in the condition, and deduces a title thereto, in James Burns, from Wilson. The plaintiff refused to accept of this deed, insisting, that, according to the condition of the bond, the defendants should have caused Wilson to have made such conveyance to him, the plaintiff, direct; and he further insisted, that James Burns, although he might have been the legal assignee of Wilson, yet he was not, nor indeed could hot, have been the legal representative of Wilson, who was then in esse. I admit, that in strictness, a representative is not, in every case, an assignee; but when it is considered that the true object of the bond was, to have Wilson’s title vested in the plaintiff, I am of opinion that the object was attained, and the condition of the bond fulfilled, according to the true intent and meaning of the parties, by the execution and tender of the conveyance from James Burns (to whom Wilson had conveyed) to the plaintiff, who (so far from being injured by this mode of conveying the title of Wilson) would have an additional security for that title, viz: that of the general warranty, contained in the conveyance *192 from James Burns to Davis; and also in that, contained in the deed from Wilson to James Burns, as set out in another part of the record. The covenant from Wilson to James Burns, guaranteeing the title, is such a one as runs with the land; of which the plaintiff, if he had accepted the deed, could sue on, and recover against Wilson, as well as against James Burns, in case of ouster, by any title anterior to the conveyance from Wilson to James Burns. Being, therefore, of opinion, that the Court did not err in overruling the demurrer to this plea, it necessarily follows, that it did not err in suffering the two deeds from James Burns to the plaintiff, alluded to in the bill of exceptions, to be read as evidence to the jury. The fourth error assigned, is, because the Court refused to grant a new trial. In my opinion, for the reasons above given, the Court was correct in not granting such new trial. The remaining error is, for refusing to sign the bill of exception for the plaintiff. It is a well established principle, that no exceptions shall be taken to the opinion of the Court, on any matter, but such as arose on the trial of the cause, and excepted to at the time. It is, as the Court below truly said, too late to do so, at any time subsequent to trial. On the whole, my opinion is, that the judgment of the Circuit Court ought to be affirmed, with costs.
M’Girk, C. J.
My opinion is, that the judgment of the Circuit Court is erroneous, and ought to be reversed; but, because the Court differ in opinion, Judge Cook having been counsel in the case, there only now being two Judges, the law is, the judgment of the Circuit Court is affirmed.
The judgment is, therefore, affirmed.